**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 1, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

---

PATRICK E. MARTIN,

    Plaintiff - Appellant,

v.

DAN SCHNURR; MISTY KROEKER;
JEREMY BELL; ELIZABETH ALLEN,

    Defendants - Appellees.

No. 26-3005
(D.C. No. 5:25-CV-03049-JWL)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **MURPHY**, and **ROSSMAN**, Circuit Judges.

---

Patrick Martin, a Kansas Department of Corrections ("KDOC") inmate, filed this

42 U.S.C. § 1983 action alleging that prison officials failed to protect him from another

inmate's attack. The district court dismissed the case under 28 U.S.C. § 1915A(b)(1) for

failure to state a claim upon which relief could be granted. Mr. Martin now appeals.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand for further proceedings.

## I.     BACKGROUND

### A. *Screening Original Complaint*

Mr. Martin sued six Hutchinson Correctional Facility ("HCF") officials.  The complaint alleged three claims under 42 U.S.C. § 1983, including one claiming that the defendants violated the Eighth Amendment by failing to prevent inmate Dawson Slater's attack on Mr. Martin.

The district court screened the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  It concluded that Mr. Martin's Eighth Amendment claim was deficient because the complaint "provide[d] no indication that any defendant knew that [Mr.] Slater posed a significant risk to [Mr. Martin] but disregarded that knowledge." ROA, Vol. 1 at 40.  The court directed Mr. Martin "to show good cause why [his] Complaint should not be dismissed for th[is] reason[]," and afforded him "the opportunity to file a complete and proper amended complaint . . . that cure[d] . . . the [identified] deficiencies."  *Id.* at 45.

### B. *Amended Complaint*

Mr. Martin responded by filing an amended complaint naming four HCF officials as defendants and asserting a single claim for "deliberate indifference in violation of the Eighth Amendment to the United States Constitution."  *Id.* at 52 (capitalization omitted). Mr. Martin's amended complaint alleged:

On March 26, 2023, Mr. Martin was confined at HCF in Hutchinson, Kansas. Mr. Slater stabbed him approximately 16 times in his upper body, left shoulder, and right leg.

Mr. Slater "had stabbed 2 other inmates on 2 seperate [sic] occasions" before stabbing Mr. Martin.  *Id.*  Although the defendant officials knew or should have known that "[Mr.] Slater posed a significant threat to the inmate population," they continued to release "him back into [the] HCF . . . general population from segregaion [sic] housing." *Id.* at 49-50; *see also id.* at 52.

The district court screened the amended complaint and concluded "that the proper processing of [Mr. Martin's] claims [could not] be achieved without additional information from appropriate [KDOC] officials." *Id.* at 75.  The court therefore ordered KDOC officials "to prepare and file a *Martinez* Report." *Id.* (citing *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978)).

## C.  **Martinez** *Report*

A *Martinez* Report is an investigative report meant "to enable the trial court to decide . . . jurisdictional issues and make a determination [of frivolity]" by helping the court determine "which facts alleged in the complaint were relevant, accurate, and subject to bona fide dispute." *Sampley v. Ruettgers*, 704 F.2d 491, 493 n.3 (10th Cir. 1983) (first quoting *Martinez*, 570 F.2d at 319; then quoting *Martinez v. Chavez*, 574 F.2d 1043, 1046 (10th Cir. 1978)).

Defendants prepared and filed a *Martinez* Report.  It outlined in detail the grievances filed by Mr. Martin regarding the attack by Mr. Slater and concluded:

"It does not appear that [he] has exhausted any available administrative remedy." ROA Vol. I at 84.

The Report also described Mr. Slater's actions before the attack on Mr. Martin, noting that Mr. Slater (a) "was part of a fight on December 4, 2022, involving multiple inmates"; (b) "had a weapon" during that fight; (c) "was sentenced to serve disciplinary segregation" for that fight "from December 4, to December 19, 2022"; (d) "was found [on March 6, 2023,] with a weapon hidden in a leg of his desk in his cell"; and (e) "was sentenced to five days of disciplinary segregation and 30 days restriction." *Id.* at 85. The Report said nothing about the two prior stabbings alleged in the amended complaint.

The Report concluded that "[t]he March 26, 2023, attack by [Mr.] Slater" on Mr. Martin "was different than the prior disciplinary offenses" committed "by [Mr.] Slater." *Id.* at 86.  It also noted that Mr. Martin "disclosed that he was wrongly believed to have been involved in providing information to convict another inmate" and that this false information was the reason Mr. Slater carried out the attack. *Id.*

Finally, the Report said that although one of the named defendants served on HCF's "Segregation Review Board," *id.* at 84-85, "[n]othing about [Mr. Slater's] disciplinary violations on December 4, 2022, nor on March 6, 2023, raised any concern that would have caused the board to consider whether to look more closely at whether to hold [him] in a longer period of administrative segregation," *id.* at 85-86.

D. *Screening Amended Complaint and Show Cause Order*

The district court again screened the amended complaint "in light of the [*Martinez*] Report" and issued an order to show cause, *id.* at 249-50, which provided as follows:

First, "[b]ased on the Report," Mr. Martin "failed to exhaust his administrative remedies before filing this action." *Id.* at 259. But Mr. Martin would "be given an opportunity to show cause why this action should not be dismissed on that basis by demonstrating with specificity that he was somehow thwarted from exhausting his remedies." *Id.* at 259-60 (quotations omitted).

Second, the amended complaint made "conclusory allegations that all of the defendants were involved in the classification of [Mr.] Slater resulting in his release from segregation," and the report indicated at least three of the four defendants "were not personally involved in decisions about the classification of [Mr.] Slater." *Id.* at 261. But Mr. Martin would "be given an opportunity to show cause why these defendants should not be dismissed from this case." *Id.*

Third, the *Martinez* Report established that Mr. Slater "had a history of violence against other inmates[,] but not that he had stabbed two other inmates within two months of the attack on [Mr. Martin]." *Id.* at 262. "Neither [Mr. Martin] nor the Report show[ed] that officials had any knowledge that [Mr.] Slater and [Mr. Martin] had previous problems or that [Mr. Martin] was at any heightened risk." *Id.* And "[w]hile [Mr. Martin], and every other inmate, may have been at *some* risk from [Mr.] Slater, there [wa]s no evidence that officials should have concluded that [Mr.] Slater presented a

5

*strong likelihood* of injury to [Mr. Martin]." *Id.* Thus, Mr. Martin failed to "show[] that any defendant acted with deliberate indifference, making his [amended] Complaint subject to dismissal for failure to state a claim for violation of his Eighth Amendment rights." *Id.*

The district court granted Mr. Martin one month to "respond to the *Martinez* Report and to show good cause why this action should not be dismissed for failure to state a claim and for failure to exhaust." *Id.* at 264. It advised him that "[f]ailure to respond by the Court's deadline may result in dismissal of this action without further notice." *Id.*

### E. *Dismissal for Failure to State a Claim*

Mr. Martin failed to file a response by the deadline. The district court therefore dismissed the action "under 28 U.S.C. § 1915A(b) for failure to state a claim . . . and for failure to exhaust administrative remedies" and entered final judgment. *Id.* at 265.

Shortly after the entry of final judgment, Mr. Martin filed a response to the show cause order and a motion for reconsideration of the dismissal order. Because Mr. Martin's response was dated before the deadline in the show cause order, the court "consider[ed] the response as timely filed" and reopened the case. *Id.* at 285.

After considering Mr. Martin's response, the district court again dismissed the amended complaint for failure to state a claim.[1] It determined that Mr. Martin's response

---

[1] Although the district court's final memorandum and order dismissing the amended complaint does not cite to 28 U.S.C. § 1915A(b)(1), it is consistent with the statute based on language in its prior dismissal order.

raised disputed issues of fact regarding his efforts to exhaust his administrative remedies, so the amended complaint was not subject to dismissal at the screening stage for failure to exhaust. But the court reaffirmed that Mr. Martin failed to show the defendants "should have concluded that [Mr.] Slater presented a strong likelihood of injury [to Mr. Martin], not a mere possibility," and that Mr. Martin "failed to state a constitutional claim for failure to protect." *Id.* at 298-99 (quotations omitted).

Mr. Martin now appeals from the district court's dismissal order.

## II. **DISCUSSION**

### A. *Standard of Review*

We review de novo a district court's dismissal of a complaint under § 1915A(b)(1) for failure to state a claim. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009).[2] In doing so, "[w]e must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Id.* (quotations omitted). Because Mr. Martin is a pro se litigant, "we construe his pleadings liberally, but we do not act as his advocate." *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

---

[2] We have explained that dismissals under 28 U.S.C. §§ 1915A(b) and 1915(e)(b)(ii) for failure to state a claim are analyzed under the Federal Rule of Civil Procedure 12(b)(6) standard. *See Jennings v. Yates*, 792 F. App'x. 606, 609 (10th Cir 2017) (unpublished) ("We review de novo the district court's dismissal of an action under 28 U.S.C. §§ 1915(e)(2)(B)(ii) or 1915A(b) for failure to state a claim, applying the same standards we employ to review dismissals under Fed. R. Civ. P. 12(b).").

### B. *Eighth Amendment Deliberate Indifference*

"Prison officials have a duty to provide humane conditions of confinement, including taking reasonable measures to guarantee the safety of . . . inmates." *Hooks v. Atoki*, 983 F.3d 1193, 1205 (10th Cir. 2020) (brackets and quotations omitted).  This duty obligates prison officials "to protect prisoners from violence at the hands of other prisoners." *Id.* (quotations omitted).  "Yet, 'prison officials who act reasonably cannot be found liable.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 845 (1994)).

Thus, for example, "[p]rison officials charged with deliberate indifference might show . . . that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger." *Brennan*, 511 U.S. at 844.  Or, if "prison officials . . . actually knew of a substantial risk to inmate health or safety," they "may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.*

### C. *Role of* **Martinez** *Reports in § 1915A Screening*

Under 28 U.S.C. § 1915A(a), a district "court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  The court must "dismiss the complaint" if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted."
28 U.S.C. § 1915A(b)(1).

Courts may use a *Martinez* Report to clarify the complaint's factual allegations and assess their frivolity.  *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1990).  As we noted in *Hall*, "[s]ection 1915(d) gives the district court the unusual power to

pierce the veil of the complaint's factual allegations and dismiss those claims whose

factual contentions are clearly baseless." 935 F.2d at 1109 (quotations omitted);[3] *see also*

*El'Amin v. Pearce*, 750 F.2d 829, 832 (10th Cir. 1984) ("We approved the

*Martinez* procedure under section 1915 as a means of determining jurisdiction, sorting

and clarifying issues, and otherwise elucidating the often obscure complaints filed by

pro se plaintiffs.").

A *Martinez* Report may not be used, however, "to resolve . . . a [bona fide factual]

dispute," *El'Amin*, 750 F.2d at 832, or to determine whether a complaint states a plausible

claim for relief, *see Winkel v. Hammond*, 704 F. App'x. 735, 737 (10th Cir. 2017)

(unpublished) ("Generally, the sufficiency of a complaint must rest on its contents alone.

While there are limited exceptions, *Martinez* Reports don't fall within those exceptions

. . . ." (citations and quotations omitted)).[4]

Instead, unless the court uses a *Martinez* Report to determine whether a complaint

is frivolous, it may consider the Report only to determine whether to enter summary

judgment. *See Reed v. Dunham*, 893 F.2d 285, 287 n.2 (10th Cir. 1990) ("[O]nce it is

determined . . . that a particular claim is not subject to dismissal [for frivolousness] under

---

[3] In 1996, Congress amended 28 U.S.C. § 1915. Pub. L. 104-134, 110 Stat. 1321, 1321-73 to 1321-75 (1996). Subsection 1915(d) became § 1915(e)(2)(B)(i). *Id.* Section 1915(e)(2)(B) and § 1915A(b)(1) contain substantially identical language. Both provisions allow district courts to dismiss a complaint if it is "frivolous," "malicious," or "fails to state a claim." *See* 28 U.S.C. §§ 1915(e)(2)(B)(i-ii), 1915A(b)(1).

[4] Unpublished cases are not binding precedent, but we may consider them for their persuasive value. *See* Fed. R. App. 32.1(a); 10th Cir. R. 32.1(A).

§ 1915[(e)(2)(B)(i)], a requested disposition of that claim premised upon materials outside the pleadings should be treated as a motion for summary judgment, with due regard for the requirements of notice and opportunity to respond."); *see also Gee v. Pacheco*, 627 F.3d 1178, 1186. (10th Cir. 2010).

In short, a court may consider a *Martinez* Report to dismiss a complaint as frivolous under § 1915A(b)(1) but not to dismiss for failure to state a claim.

### D. *Procedural Error*

The district court erred when it relied on the *Martinez* Report to dismiss Mr. Martin's complaint for failure to state a claim under § 1915A(b)(1).

The *Martinez* Report conflicted with Mr. Martin's amended complaint. The amended complaint alleged that all four defendants "[1] recommended and approved the release of [Mr.] Slater from segregation back into HCF general population twice [2] after stabbing 2 other inmates on 2 seperate [sic] occasions." ROA, Vol. I at 53.

By contrast, the *Martinez* Report disputes that Mr. Slater stabbed two inmates before attacking Mr. Martin. It further states that only Defendant Jeremy Bell served on HCF's Segregation Review Board and that "the Segregation Review Board did not see [Mr.] Slater during th[e] time" period in question "nor would the board normally see an inmate who was serving a short period of disciplinary segregation as was the case with [Mr.] Slater." *Id.* at 85.

The district court should not have relied on the *Martinez* Report to determine that the amended complaint failed to state a claim. As we said in *Janke v. Price*, 43 F.3d 1390 (10th Cir. 1994), "[i]t is improper" for a district court "to accept the prison officials'

report of events" in a *Martinez* Report "when they are in conflict with the pleadings." *Id.* at 1392; *see also Winkel*, 704 F. App'x. at 737. And the court did not consider the *Martinez* Report to enter summary judgment.[5]

The district court therefore erred, and "the matter must be remanded for further proceedings." *Janke*, 43 F.3d at 1392. As in *Janke*, "we make no comment on the ultimate merit of Mr. [Martin's] claims." *Id.* "Our ruling today is limited to a determination that it was error to dismiss Mr. [Martin's] complaint" under § 1915A(b)(1) based on factual statements in the *Martinez* Report. *Id.* "On remand, the court may take whatever steps are appropriate to consider Mr. [Martin's] claims." *Id.*

## III. **CONCLUSION**

We reverse the district court's judgment, grant Mr. Martin's motion to proceed *in forma pauperis* on appeal, and remand for further proceedings.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[5] The district court's order to show cause following its receipt of the *Martinez* Report may have contemplated that Mr. Martin should respond with evidence beyond the amended complaint, but it can hardly be read as converting the §1915A screening into a summary judgment proceeding.